# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SANYA, LLC, | ) |
|         Plaintiff, | ) |
| v. | ) No. 04-0175-CV-W-FJG |
| SUNDEEP and ALKA PATEL, d/b/a NORTH AMERICAN FINANCE CORPORATION, et al., | ) |
|         Defendants. | ) |

## ORDER

Currently pending before the Court is Defendant's Motion to Dismiss or in the Alternative Transfer Venue (Doc. # 39).

### I. BACKGROUND

Plaintiff alleges defendants agreed to provide financing for the plaintiff's purchase of several convenience store/service station properties located in St. Joseph, Missouri. Plaintiff alleges that defendants first verbally agreed to provide the funding and then subsequently also provided plaintiff with a written loan commitment. Based on defendants' verbal commitment, plaintiff put down an earnest money escrow deposit of $200,000. Plaintiff then paid to defendants $15,000 as an loan commitment fee. Plaintiff also incurred additional costs for appraisals and environmental testing. After asking for several extensions of time, defendants failed to provide plaintiff the necessary financing and plaintiff was forced to secure the financing at less favorable terms.

Defendants move to dismiss the case pursuant to Fed.R.Civ.P. 12(b)(2) because

the Court lacks personal jurisdiction over all three defendants. Defendants allege that they are residents of the State of Georgia and that North American Finance Corporation is a Georgia corporation based in the State of Georgia. Defendants allege that they have not solicited business within the State of Missouri nor have they closed or attempted to close any business transactions within Missouri.

## II. STANDARD

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff is only required to make a prima facie showing of personal jurisdiction over the defendant. . . .If the district court relies on pleadings and affidavits, the court must look at the facts in the light most favorable to the party invoking personal jurisdiction, and resolve all factual conflicts in favor of that party." Anheuser-Busch, Inc. v. City Merchandise, 176 F.Supp.2d 951, 955 (E.D.Mo. 2001)(citations omitted).

A federal court may assume jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and the Due Process Clause of the Constitution. Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 561 (8th Cir. 2003). As Missouri's long-arm statute has been construed to permit jurisdiction to the fullest extent permissible under the Due Process clause, the Court will examine whether the assertion of jurisdiction in this case would violate due process. Jurisdiction over a non resident defendant may be asserted either through "specific" jurisdiction or "general" jurisdiction.

> When a state exercises jurisdiction over a nonresident defendant in a suit 'arising out of or related to' the defendant's contacts with the forum, the state is exercising specific jurisdiction over the defendant. . . .When, on the other hand, a state exercises personal jurisdiction over a nonresident defendant in a suit not arising out of or related to the defendant's contacts

with the forum, the state is exercising general jurisdiction over the
defendant. General personal jurisdiction requires that a nonresident
defendant's contacts with the forum state be "substantial and continuous.".
. . Because more substantial contacts must be shown to establish general
personal jurisdiction, courts rarely find that an out-of-state defendant's
contacts are sufficient to invoke such jurisdiction, so the great majority of
cases focus on claims of specific jurisdiction.

Davis v. Baylor University, 976 S.W.2d 5, 7-8 (Mo. App. 1998).

As noted above, specific jurisdiction is based on a non resident's contacts which "arise out of or relate to" the suit. In determining whether specific personal jurisdiction exists, courts in Missouri employ a two part test.

"The Court first ascertains whether the applicable state long-arm statute confers jurisdiction. . . . If it does, then the Court must decide whether the exercise of personal jurisdiction violates the due process clause of the fourteenth amendment." Peabody Holding Co., Inc. v. Costain Group PLC, 808 F.Supp. 1425, 1432 (E.D.Mo. 1992).

The Missouri Long-Arm Statute provides in part:

1. Any person or firm, whether or not a citizen or resident of this state, or
any corporation, who in person or through an agent does any of the acts
enumerated in this section, thereby submits such person, firm or
corporation, and, if an individual, his personal representative, to the
jurisdiction of the courts of this state as to any cause of action arising from
the doing of any of such acts:

(1) The transaction of any business within this state;
(2) The making of any contract within this state;
(3) The commission of a tortious act within this state;
(4) The ownership, use, or possession of any real estate situated in this state;
(5) The contracting to insure any person, property or risk located within this
state at the time of contracting;
 . . .
 . . .
3. Only causes of action arising from acts enumerated in this section may
be asserted against a defendant in an action in which jurisdiction over him
is based upon this section.

Mo. Rev. Stat. § 506.500.

In applying the long arm statute, Missouri courts have stated that "[t]he legislature, in enacting this statute, sought to extend the jurisdiction of Missouri courts to numerous classes of out-of-state defendants who could not have been sued in Missouri under the preexisting law. It also intended to provide for jurisdiction, within the specific categories enumerated in the statutes, to the full extent permitted by the due process clause of the Fourteenth Amendment." State ex rel. Metal Service Center of Georgia, Inc. v. Gaertner, 677 S.W.2d 325, 327 (Mo. banc 1984).

If the Missouri long-arm statute is applicable, the Court then determines whether the exercise of jurisdiction in this case, would violate the due process clause.

> The Due Process Clause of the Fourteenth Amendment operates to limit the power of a State to assert in personam jurisdiction over a nonresident defendant. . . . Due Process requirements are satisfied when in personam jurisdiction is asserted over a nonresident corporate defendant that has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."

Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 413-14 (1984), quoting, International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)(citations and internal quotations omitted).

> Sufficient contacts exist when "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). A finding of reasonable anticipation requires that there be "some act by which the defendant purposefully avails itself of the privileges of conducting activities within the forum state, thus invoking the benefits and protection of its laws." Burger King v. Rudzewicz, 471 U.S. 462, 475 (1985), quoting, Hanson v. Denckla, 357 U.S. 235, 253 (1958).

St. Paul Fire & Marine Insur. Co. v. Courtney Enterprises Inc., 108 F.Supp.2d 1057

4

(D.Minn. 2000), aff'd, 270 F.3d 621 (8th Cir. 2001).

> The Eighth Circuit applies a five-factor test in analyzing the constitutional requirements needed for personal jurisdiction. . . . Three interrelated factors are considered to be of primary importance: (1) the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum; and (3) the relation of the cause of action to these contacts. . . . There are two secondary factors: (1) the interest of the forum state in providing a forum for its residents; and (2) the convenience of the parties.

Id. (internal citations omitted). See also, Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE) Ltd., 89 F.3d 519, 522-23 (8th Cir. 1996); Institutional Food Marketing Associates, Ltd. & Food Service Sys. Inc. v. Golden State Strawberries, Inc., 747 F.2d 448, 455 (8th Cir. 1984).

### III. DISCUSSION

Defendants argue that they have had no contact with the state of Missouri that would subject them to specific jurisdiction. Defendants state that they are residents of the State of Georgia and have not conducted any business in Missouri, have not made sales calls in Missouri or otherwise solicited business in Missouri, nor closed or attempted to close a business transaction in Missouri. They also state that they do not own, rent, use or possess any real or personal property in Missouri. Thus, defendants state that because they have not committed any act or conducted any activity in Missouri, purposeful or otherwise, the Court has no personal or specific jurisdiction over them.

Defendants also argue that venue in this action is improper and the action should be dismissed or transferred to the Northern District of Georgia. Defendants state that they all reside in Georgia and that all of the events or omissions giving rise to the claim

5

occurred in Georgia. Thus, defendants argue that if the Court declines to dismiss the action, it should be transferred to the Northern District of Georgia.

Plaintiff argues in response that this action stems from defendants' agreement to make a loan to plaintiff, a Missouri borrower, to enable plaintiff to purchase convenience stores located in Missouri. Plaintiff states that defendants' offer to loan plaintiff the $3.8 million dollars at issue was accepted by the plaintiff while the plaintiff was in Missouri and that the defendants intended to transact business in Missouri by funding a Missouri loan to a Missouri borrower to purchase property in Missouri. Plaintiff states that the defendants contacts with the State of Missouri were extensive, there were numerous phone calls to individuals residing and located in Missouri, correspondence was sent from defendants and defendants' agents to plaintiff in Missouri and also to the seller of the convenience stores in Missouri.

In response to the motion to transfer venue, plaintiff argues that there are numerous non-party witnesses who reside in Missouri or Kansas that would be called to testify at trial and it would be very inconvenient to try this case in Georgia. Additionally, plaintiff notes that defendants have not listed any witnesses from Georgia that they would intend to call at trial.

### A. Long Arm Statute

As discussed above, the Court must first analyze whether the long arm statute confers jurisdiction. The long arm statute confers jurisdiction if a corporation participates in the transaction of any business within the state. "The transaction of any business test is construed broadly so that long-arm jurisdiction is proper even if the nonresident is not qualified to do business in Missouri." <u>Peabody Holding Co. Inc. v. Costain Group PLC</u>,

6

808 F.Supp. 1425, 1432 (E.D.Mo. 1992).  In the instant case, the Court finds that defendants transacted business in Missouri, they were engaged in a business deal to assist Missouri residents to obtain financing to purchase property in Missouri.  Thus, the Court finds that the long arm statute is applicable in the instant case.

Next the Court must determine whether the exercise of jurisdiction in this case would violate the Due Process Clause. The first factor is the nature and quality of the contacts with the forum.  In opposition to the motion to dismiss, plaintiff submitted the cell phone records of Raheem Lalani, who is a member of Sanya.  Plaintiff argues that defendants' contacts with Missouri were extensive and states that Mr. Lalani's telephone records reflect more than 300 phone conversations with defendants during the period September 11, 2003 through December 31, 2003. Plaintiff states that the defendants confirmed the accuracy of Raheem Lalani's cell phone records in their depositions.  However, in looking at the cell phone records, they show only calls that the *plaintiff* made to the defendants - they do not show the calls that the *defendants* made to the plaintiff here in Missouri.  The cell phone records do show incoming calls - but do not indicate where or what number they are coming from.  Additionally, the majority of the calls that the *plaintiff* made to Georgia were very short with the majority lasting only one minute.  So, the Court finds that although there were extensive phone calls made, the evidence which plaintiff has submitted shows that plaintiff was the party which was initiating the calls to the defendants in Georgia.

Plaintiff also argues that defendants sent letters to plaintiff in Missouri.  Plaintiff points to a November 17, 2003 letter sent by Sundeep Patel to plaintiff at 1912 S.W. 5th Street in Blue Springs, Missouri informing him that the loan for the purchase of the

7

properties had been approved by NAFC and its lending partners. Plaintiff also notes that the attorney for the defendants sent a letter to Randy King, the owner of the convenience stores on November 24, 2003, stating that an extension of two weeks would be needed to finalize the documents. In reply, defendant points out that the key document at issue in this case, the Conditional Commitment letter, was sent to Sanya LLC, in care of Raheem Lalani, Managing Member at an address in Lilburn, Georgia on October 29, 2003. Additionally, defendant argues that in an Affidavit of Mr. Lalani, he states that on September 11, 2003, he made a call to Sundeep Patel to find out if defendants would be interested in financing his group's purchase of the convenience stores. Additionally, in his Affidavit, Mr. Lalani states that the day that Sanya signed the King Store contracts, all of the appraisals, contracts, sales reports and environmental test reports were hand delivered to defendants. The defendants' offices were located in Georgia.

So, in examining defendants' contacts with the State of Missouri, the Court finds that the defendants only contacts were two pieces of correspondence sent to Missouri, these letters were perfunctory and only related to details of the transaction. The main document at issue, the commitment letter was addressed to plaintiff's managing member in Georgia.

As to the quantity of contacts, there were obviously numerous phone calls, but the evidence presented by plaintiff shows only the phone calls plaintiff made to the defendants in Georgia and does not show calls which defendants made to plaintiff in Missouri. Based on this evidence, the Court cannot conclude that the defendants contacts with the state were extensive. In other cases in which the Courts have found

8

jurisdiction, there were always additional factors in addition to mail and telephone contacts. In Same Day Surgery Centers LLC v. Montana Regional Orthopedics, LLC, No. Civ. 02-1811 JRTFLN, 2003 WL 79040, (D.Minn. Jan. 6, 2003), the Court found that in addition to frequent mail and telephone contact, a representative of the defendant made a significant personal appearance in Minnesota to negotiate substantial portions of the contract. Additionally, the parties added a choice-of-law provision to the contract which specified that Minnesota law controlled any dispute arising out of the contracts. Further, the Court also observed that it was the defendant who had first contacted the plaintiff. The Court concluded that "[t]he initial solicitation, the in-person meeting, the choice-of-law provision, and the telephone and mail contacts taken together, cannot be described as 'random,' 'fortuitous,' or 'attenuated.' [Defendant's] contacts with Minnesota rise above the 'minimum contacts' necessary for [Defendant] to anticipate being called before the courts of this state. Id. at * 3. Similarly, in Commodities Specialists Co. v. Brummet, No. Civ. 02-1459 JRTFLN, 2002 WL 31898166 (D.Minn. Dec. 27, 2002), the defendant argued that his contacts with Minnesota were too attenuated to meet the standards for due process. However, the Court found that the defendant had regular contact with his employer in Minnesota by telephone, email or fax. The defendant had daily phone conversations with his supervisors, he faxed documents explaining his trading activities and participated in weekly conference calls that originated in Minnesota. This daily contact with his employer occurred over a period of nine years. The Court found these contacts when considered together were sufficient to support personal jurisdiction. Also in T.J. Raney & Sons, Inc. v. Security Sav. & Loan Ass'n. of Salina, Kansas, 749 F.2d 523 (8th Cir. 1984), the Court found that

9

where the only contacts between the defendant and the forum state were limited to phone calls and wire or mail transfers of money, this alone was not sufficient to satisfy the requirements of personal jurisdiction. In that case, the defendant was a Kansas corporation which did not maintain either an office or an agent in Arkansas, no representatives were ever sent to Arkansas in connection with the transaction, and it was the plaintiff that had solicited the relationship and made the only personal contact with the defendant in Kansas. Id. at 525.

In the instant case, the Court finds that although defendants had some contacts with Missouri and these contacts were related to the cause of action at issue, there is nothing in addition to these contacts that would support the exercise of jurisdiction over the defendants. As to the final two factors, Missouri does have an interest in providing a forum for its residents, but this must be weighed against the other factors. The convenience of the parties is not a dispositive factor. Although plaintiff has listed a number of witnesses in Missouri and Kansas who they would call to testify, there are likely several other witnesses who are located in Georgia who would also testify if the case were to go to trial. Thus, the Court finds that weighing the five factors together does not support the exercise of personal jurisdiction over the defendants.

### B. Motion to Transfer

Defendant states that if the Court declines to dismiss plaintiff's Complaint, this action should be dismissed or transferred to the Northern District of Georgia.

28 U.S.C. § 1406 (a) states:

The district court of a district in which is filed a case laying venue in the

wrong division or district shall dismiss, of if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1391(a) states:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Defendants state that venue is proper as they are all residents of Georgia and a substantial part of the events giving rise to the claim occurred in Georgia.

One Court has noted that:

This section [28 U.S.C. § 1406(a)] enables the court to correct an erroneous venue choice without resorting to the harsh remedy of dismissal. . . . Under this provision, a court may transfer a case even without a finding of personal jurisdiction over the defendants. . . . The decision as to whether a dismissal or a transfer is appropriate is one committed to the discretion of the court acting in the interests of justice. . . .

Pennsylvania Gear Corp. v. Fulton, No. Civ.A 98-1538, 1999 WL 80260 at *3 (E.D. Pa., Jan. 26, 1999)(citations omitted). In Pennsylvania Gear Corp., the court found that granting the defendant's motion to dismiss was clearly not in the interests of justice because it would "result in needless expense and delay by requiring a new filing in another district, and might adversely impact Plaintiff if the applicable statute of limitations has run." Id. at *4. See also, Lum v. Carnival Cruise Lines, No. C-97-2241-VRW, 1998 WL 118188 at *2 (N.D.Cal. Feb. 27, 1998)("Transfer is preferred to the harsh remedy of dismissal because it avoids any statute of limitations problems and the necessity of filing

11

and serving a new action); Naegler v. Nissan Motor Co. Ltd., 835 F.Supp. 1152, 1158-59 (W.D.Mo. 1993)("The argument that transfer, rather than dismissal, is in the interest of justice is especially compelling in cases which, if dismissed, might be time barred because the statue of limitations had run.").

In the instant case the Court finds that plaintiffs had a good faith belief that the defendants were subject to jurisdiction in Missouri, based on their phone calls and the use of the mail. Regardless, the Court finds that transfer to the Northern District of Georgia is proper because this case could originally have been filed in that district as a substantial portion of events giving rise to plaintiffs' claims occurred there and defendants are located in that jurisdiction. The Court also finds that it would be in the interest of justice to transfer this case to that district pursuant to 28 U.S.C. § 1406(a).

### III. CONCLUSION

Accordingly, for the reasons stated above:

Defendant's Motion to Dismiss or in the Alternative Motion to Transfer Venue is hereby **DENIED** in part and **GRANTED** in part. (Doc. # 39). The Court **DENIES** defendant's Motion to Dismiss and **ORDERS** that this action be transferred to the United States District Court for the Northern District of Georgia. The Clerk of the Court shall transfer the file accordingly.

Date: September 27, 2005  **/S/ FERNANDO J. GAITAN JR.**
Kansas City, Missouri  Fernando J. Gaitan Jr.